UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INDIANA FARMERS MUTUAL
INSURANCE COMPANY,

    Plaintiff,

v.                                                       Case No: 8:19-cv-61-T-36CPT

ANTONIO ORDONEZ HERNANDEZ,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon Plaintiff's Second Motion for Default Judgment (Doc. 19). Defendant has not responded and the time to do so has elapsed. In the motion, Plaintiff requests judgment be entered in its favor on its claim of negligence against defendant and damages be awarded in the amount of $103,844.09. Doc. 19 ¶¶ 12, 17. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's motion.

**I.    BACKGROUND**

Plaintiff, Indiana Farmers Mutual Insurance Company, filed a one-count Complaint against Defendant, Antonio Ordonez Hernandez, on January 8, 2019, alleging that Defendant negligently operated a motor vehicle causing personal and property injuries to Plaintiff's insureds. Doc. 1 ¶¶ 8, 14. The Complaint alleged that Defendant's careless and negligent operation of his vehicle resulted in Defendant rear-ending a vehicle occupied by Plaintiff's insureds. *Id.* ¶¶ 11, 14. The vehicle struck by Defendant was rented by Plaintiff's insureds, one of whom was the driver and the other a passenger. *Id.* ¶¶ 10-12. To protect its insureds' interests, Plaintiff made payments to various entities in the amount of $103,844.09. *Id.* ¶ 9. This action was filed as subrogee of the insureds. *Id.* at 1.

A process server left a copy of the Summons and Complaint with a resident, aged fifteen years or older, of Defendant's usual place of abode on January 12, 2019. Doc. 12. Defendant failed to answer or otherwise defend in this action. Accordingly, on February 21, 2019, Plaintiff moved for entry of a Clerk's Default against Defendant. Doc. 14. The Clerk entered a default pursuant to Federal Rule of Civil Procedure 55(a) on February 22, 2019. Doc. 16.

On October 21, 2019, Plaintiff filed the instant Second Motion for Default Judgment. Doc. 19. The Motion is supported by a Florida Traffic Crash Report, which states that Defendant "followed too closely" and Defendant's insureds took "no contributing action." Doc. 19-1 at 3. The Florida Traffic Crash Report also indicates that Defendant rear-ended the vehicle being driven by Plaintiff's insureds. *Id.* at 4.

At the time of the accident, Plaintiff's insureds were driving a vehicle owned by Alamo Rent A Car ("Alamo"), which sent a bill to Plaintiff for $13,676.09 for damage, towing and storage, sublet, admin fees, loss of use, and diminished value. Doc. 19-3. Plaintiff submitted invoices and payment confirmations for other amounts expended by it, including medical payments, loss payments, and release agreements with its insured and the passenger. Doc. 19-4. Additionally, Plaintiff provided a letter from Hernandez' insurance company, which stated it would not cover the claim. Doc. 19-2.

**I.      LEGAL STANDARD**

A default judgment may be entered when "the party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Thomas v. Bank of Am., N.A.*, 557 Fed. Appx. 873, 875 (11th Cir. 2014) (quoting Fed. R. Civ. P. 55 (a)). Allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief and jurisdiction is established.

*See GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). A well-pleaded complaint contains more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). There must be sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 570).

### III. DISCUSSION

#### A. Clerk's Default

Federal Rule of Civil Procedure 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b). *DirectTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

Service on Defendant was proper. § 48.031(1)(a), Fla. Stat. ("Service of original process is made . . . by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older . . . ."); Fed. R. Civ. P. 4(e) (stating that a person may be served by "following state law for serving a summons . . . ."). Defendant nonetheless failed to appear in this action and the Clerk entered a default against him. Fed. R. Civ. P. 55(a); Doc. 16.

#### B. Negligence Claim

##### 1. Liability

Plaintiff's claim is for negligence. Under Florida law, a claim of negligence includes four elements: (1) duty, (2) breach of the duty, (3) causation, and (4) damages. *Tennant v. Handi-*

3

*House Mfg. Co.*, No. 3:16-cv-1276-J-20MCR, 2017 WL 11105239, at *2 (M.D. Fla. Apr. 13, 2017) (citing *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012)).

In the Complaint, the allegations of which Defendant admitted by defaulting, Plaintiff alleges that Defendant owed a duty to its insureds to operate his vehicle in a prudent manner, that Defendant breached this duty by carelessly and negligently operating his vehicle in a manner that resulted in him rear-ending Plaintiff's insureds' vehicle, and that this breach of duty caused damages to Plaintiff. Doc. 1 ¶¶ 13-17. Indeed, in Florida, there is a presumption of negligence when a defendant rear-ends a vehicle. *Birge v. Charron*, 107 So. 3d 350, 359 (Fla. 2012). Accordingly, Plaintiff established that Defendant is liable for negligently operating his motor vehicle in a way that caused damage to Plaintiff's insureds and, therefore, Plaintiff.

### 2. Damages

Where default judgment is warranted, the Court must then determine the amount and character of damages. *Armadillo Distrib. Enters., Inc. v. Hai Yun Musical Instruments Manufacture Co. Ltd.*, 142 F. Supp. 3d 1245, 1255. Although Federal Rule of Civil Procedure 55(b) contains permissive language with respect to holding an evidentiary hearing before entering judgment, the Eleventh Circuit has held that "judgment of default awarding cash damages [can] not properly be entered 'without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.'" *Organizacion Miss Am. Latina, Inc. v. Urquidi*, 712 F. App'x 945, 945 (11th Cir. 2017) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F2d 1538, 1543 (11th Cir. 1985); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

Here, Plaintiff pled damages in the amount of $103,844.09, and Defendant admitted that amount of damages by failing to defend in this action. Doc. 1 ¶ 9. Additionally, in support of the

4

Motion, Plaintiff submitted release agreements and payment records showing that it expended this amount. Doc. 19-4. Accordingly, Plaintiff will be awarded $103,844.09 as damages for Defendant's negligence. Accordingly, it is

**ORDERED**:

1. Plaintiff's Second Motion for Default Judgment (Doc. 19) is **GRANTED**.

2. Plaintiff is entitled to an award of $103,844.09. The Clerk is directed to enter judgment in favor of Plaintiff Indiana Farmers Mutual Insurance Company, Insurer, as subrogee for Daniel Cicatko and Lynne Cicatko, insureds, and against Defendant Antonio Ordonez Hernandez in the amount of $103,844.09, plus interest accruing thereon as allowed by law, for which let execution issue.

3. The Clerk is directed to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on March 26, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any